John J. LEONARD

v.

**UNITED STATES POSTAL SERVICE et al.**

**Civ. A. No. 73–355.**

United States District Court,
D. Massachusetts.

June 6, 1973.

Piroska E. Soos, Jeffrey W. Kobrick, Boston, Mass., for plaintiff.

Edward D. Kalman, Boston, Mass., for C. Eliot Sands.

William A. Brown, Asst. U. S. Atty., Boston, Mass., for Government defendants.

### ORDER

FREEDMAN, District Judge.

At the outset, a motion to dismiss against certain federal defendants has been assented to by counsel, and the Court has allowed said motion to dismiss this case against Richard Kleindienst, Attorney General of the United States, and L. Patrick Gray III, Acting Director of the Federal Bureau of Investigation.

The issue remaining at controversy is whether a purported settlement between the plaintiff and the United States Postal Service will be allowed to stand by this Court in spite of opposition to same by the Department of Justice. In other words, can the Postal Service independently settle a claim against it upon the advice of its own counsel and against the advice of the United States Attorney via the United States Department of Justice? After due consideration of the facts in this case and study of the pertinent law in connection therewith, the Court reaches the conclusion that the Postal Service can settle such a case.

The intention of Congress in creating an independent Postal Service from the Executive Branch of the Government is clear. The Postal Service's ability to appoint its chief executive officer by a Board of Governors, who have been appointed by the President and then confirmed by the United States Senate, continues this independent existence from what it had been when it was a branch of the Executive Department under the Postmaster General, who was a member of the President's Cabinet.

Congress' intention under Title 39, United States Code, in eliminating the Postal Service from being bound by federal laws dealing with "contracts, property, works, officers, employees, budgets or funds" makes this independence manifest. 39 U.S.C. § 410. Congress then went further and granted the Postal Service broad general powers to carry out its functions. 39 U.S.C. § 401. And then decisively, as far as this case is concerned, 39 U.S.C. § 2008(c) clearly places in the control of the Postal Service its determinative ability to compromise its litigation. This section states that ". . . the Postal Service is authorized . . . to enter into such contracts, agreements, and arrangements, upon such terms and conditions and in such manner as it deems necessary, including the final settlement of all claims and litigation by or against the Postal Service."

Although the Department of Justice is compelled by law, 39 U.S.C. §

409(d), to furnish legal representation to the Postal Service, as it may require, this Court finds that this does not bind or prevent the settlement authorization specifically granted to the Service by § 2008(c).

Accordingly, the Court allows the Postal Service to enter into a stipulation of settlement with the plaintiff, free of interference by the Department of Justice. The Court further, in view of this settlement, takes no action on the certification of this matter as a class action.